UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

*****************************************
In Re:                                           *
                                                 *    Chapter 7
ALWARD, NICOLE                                   *    Case No. 15-11155 JMD
                                                 *
                                                 *    Hearing Date: December 20, 2016
                                                 *    Hearing Time: 9:00 a.m.
          Debtor(s)                              *    Objection Deadline:  December 13, 2016
*****************************************

## MOTION TO APPROVE SETTLEMENT BEFORE LITIGATION BETWEEN THE TRUSTEE AND THE DEBTOR

Steven M. Notinger, Chapter 7 Trustee moves pursuant to 11 U.S.C. §105(a) and Federal Bankruptcy Rule 9019(a) to approve a settlement with the Debtor before litigation, as follows:

1.  Debtor filed a Chapter 7 case on July 23, 2015.  The case was closed as a no asset case.  The case was re-opened on November 14, 2016 to administer a medical malpractice case (the "Malpractice Case") that the Debtor was pursuing in New Hampshire.  The Malpractice Case is not exempt under state law and the exemption is limited to $22,975 plus lost future wages and the unused portion of the Debtor's wild card under the Federal Exemptions.

2.  The Malpractice case involves injury to the debtor that was not properly treated by certain doctors and hospitals, that has led to significant injury to the Debtor.

3.  Trustee and Debtor wish to resolve their respective claims to the proceeds, as, the Trustee needs the Debtor to be able to successfully prosecute the case.  The Debtor needs to be a witness and to appear at trial.  The Debtor needs to express her injury to the jury.  The Trustee also needs the Debtor's counsel to be engaged in the proceedings.

4.  The Trustee and the Debtor have agreed to split the net proceeds (after payment of legal fees and reimbursement of expenses) 50/50.  This will give the Debtor adequate incentive

1

to pursue the Malpractice Claim as well as compensating the estate for any recovery. The estate will only collect its 50% up to the amount of any administrative expenses and allowed claims (including interest on the claims) in the case. Any amount above full recovery for the estate will be paid to the Debtor.

5. All settlement offers, if any, shall be made to the Trustee and the Debtor. If the parties dispute whether to accept a settlement offer, the Trustee may submit the offer to the Court and the Debtor may object. The Court will decide whether the offer should be accepted.

6. The Trustee believes this settlement before litigation between the Trustee and the Debtor provides the estate will the best opportunity to recover something on the Malpractice Claim. Without the Debtor's zealous involvement recovery would be difficult or much lower. The Trustee believes a 50/50 split properly incentivizes both parties. This type of settlement also eliminates any issues for malpractice counsel, so they can continue representing both the estate and the Debtor.

7. With regard to the <u>Jeffrey v Desmond</u> factors while the parties dispute entitlement to the proceeds, it only has value if the Debtor participates in the lawsuit and is incentivized to do so, the settlement increases the potential recovery for all parties, eliminates litigation among the parties, focuses everyone's efforts on the Malpractice Claim, and is in the paramount interest of creditors.

WHEREFORE, Steven M. Notinger, Chapter 7 Trustee Respectfully Requests this Court:

A. Approve this Settlement; and

B. Grant such other and further relief as this Court deems just and equitable.

Respectfully submitted,

STEVEN M. NOTINGER,
CHAPTER 7 TRUSTEE

Dated: November 22, 2016    By:/s/ Steven M. Notinger
Steven M. Notinger (BNH #03229)
Notinger Law, P.L.L.C.
7A Taggart Drive
Nashua, NH 03060
trustee@notingerlaw.com